**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Raymond Czapka

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMOND CZAPKA,**<br><br>Plaintiff,<br><br>v.<br><br>**CACH, LLC; AND, MANDARICH LAW GROUP, LLP**<br><br>Defendants. | **Case No.:**  12-cv-01112-MMA-MDD<br><br>**First Amended Complaint For Damages**<br><br>**Jury Trial Demanded** |

///

///

///

///

///

///

///

///

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Raymond Czapka, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC (CACH) and Mandarich Law Group, LLP, (Mandarich), or collectively referred to as "Defendants," with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

///
///
///
///
///

HYDE & SWIGERT
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

**JURISDICTION AND VENUE**

7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9.   Because Defendants do business within the State of California, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. § 1391.

11.  At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

12.  Plaintiff is a natural person who resides in Los Angeles County, California.

13.  CACH is located in Denver, Colorado.

14.  Mandarich is located in Woodland Hills, California.

15.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.  Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17.  Defendant Mandarich is, and at all relevant times was, an employee or agent of Defendant CACH acting within the course and scope of its employment, and there was a causal nexus between Defendant Mandarich acts and its employment.  Consequently, any subsequent illegal actions by Defendant Mandarich were the responsibility of Defendant CACH, vicariously, under the doctrine of Respondeat Superior, or other vicarious liability theories, and Defendant CACH is liable for those acts.

///

///

HYDE & SWIGERT
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

HYDE & SWIGERT
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

**FACTUAL ALLEGATIONS**

18.  In or about 2009, Plaintiff is alleged to have incurred certain financial obligations.

19.  These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20.  Sometime thereafter, but before July 14, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

21.  Subsequently, but before July 14, 2011, the alleged debt was assigned, placed, or otherwise transferred, to CACH for collection.

22.  Subsequently, CACH, a debt collector pursuant to the FDCPA, retained Mandarich, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

23.  Pursuant to the instructions of CACH, Mandarich, in the name of CACH, then filed a state case against Plaintiff on July 14, 2011 based on the consumer account that was allegedly in default, California State Case No. 11C02602.

24.  The purpose of this case was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to settle the action and pay Defendants money.

25.  This practice of running roughshod over California consumers through these false, deceptive, and misleading representations to state courts has been brought the attention of California legislators.  Recently, State Senator Leno sponsored SB 890 which would require debt collectors to provide real documentary evidence before suing.  Full text of the bill can be found at http://legiscan.com/gaits/text/187340.

26.  With this goal in mind, Defendants both submitted false, deceptive, and misleading statements to the state court and the state court judge in that state matter to the effect that Plaintiff had previously entered into an "Account Stated" when, in fact, that was not the case and Defendants knew, or should have known, that was not the case.

27. In the state court case, CACH and Mandarich brought causes of action for Breach of Contract, and Account Stated, both based on an alleged financial obligation between Plaintiff and CACH or its predecessors in interest.

28. These causes of action have no merit, or evidentiary support, and rely instead on false, deceptive, and misleading statements made in the state complaint, and were brought for the purpose of coercing Plaintiff to pay this alleged debt.

29. In the complaint filed in state court, CACH and Mandarich stated that an "Account Stated" had previously been entered into between Plaintiff and CACH, LLC., or its predecessors in interest, when in fact this was not true.

30. In the complaint filed in state court, CACH and Mandarich stated that Plaintiff had entered into an account stated "in writing" when in fact, CACH and Mandarich knew or should have known that this was untrue, and when in fact, CACH and Mandarich knew or should have known that no such writing existed.  Further, at no time did Defendants produce this "writing" as no such writing ever existed.  This communication to Plaintiff was a false, deceptive, and misleading statement related to collection of a debt and in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

31. At no time did CACH or Mandarich  have any evidence of said "writing," and this false, deceptive, and misleading statement was made only for the purposes of coercing payment from California consumers of little or no financial means or resources.

32. At no time did Plaintiff enter into an account stated with anyone regarding either of these accounts, and Defendants knew or should have known this was the case.

33. Through this state complaint, CACH and Mandarich used a false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because an action under an account stated theory requires that parties forgo any previous bona fide contract between the parties, and in return enter into a new contract between them, which never happened in this matter, a fact that CACH and Mandarich either knew or should have reasonably known.

34.   Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

35.   Pursuant to Code of Civil Procedure sec 128.7(b)(3), Mandarich also certified to Plaintiff and the court that CACH's allegations of account stated had evidentiary support, when in fact CACH and Mandarich did not possess any evidence of any account stated, which is a written contract.

36.   Through this false certification, Defendants deceived and misled, or attempted to deceive or mislead, Plaintiff and the state court.

37.   Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

38.   Had Mandarich believed in good faith that such evidence existed and could have eventually be obtained, Mandarich could have stated such in CACH's Complaint, in order to comply with CCP 128.7(b)(3).

39.   Instead, Mandarich chose to ignore CCP 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP 128.7(b)(3).

40.   Through this conduct, Mandarich and CACH used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Mandarich and CACH violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

41.   Through this conduct, Mandarich and CACH used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Mandarich and CACH violated 15 U.S.C. § 1692f.

///

///

///

///

HYDE & SWIGERT
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

CAUSES OF ACTION

COUNT I

FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15 U.S.C. §§ 1692 ET SEQ.

[AGAINST ALL DEFENDANTS]

42.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

PRAYER FOR RELIEF

45.   WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

• An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3)

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 10, 2012                                 HYDE & SWIGART

                                        By:    /s/ Joshua B. Swigart
                                               Joshua B. Swigart, Esq.
                                               Attorney for Plaintiff

HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108